UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE SAVORY, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 204 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| CHARLES CANNON, MARCELLA BROWN | ) | |
| TEPLITZ, BETH BELL, as Special Representative of | ) | |
| Russell Buck, Peter Gerontes, and John Timmes, JOHN | ) | |
| FIERS, CHARLES EDWARD BOWERS, JOHN | ) | |
| STENSON, GEORGE PINKNEY, E. HAYNES, | ) | |
| WALTER JATKOWSKI, GLEN PERKINS, ALLEN | ) | |
| ANDREWS, HAROLD MARTENESS, MARY ANN | ) | |
| DUNLAVEY, CARL TIARKS, DENNIS JENKINS, | ) | |
| and CITY OF PEORIA, ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Johnnie Lee Savory was arrested in January 1977 for the rape and murder of Connie

Cooper and the murder of James Robinson, and was convicted later that year. Doc. 1 at ¶¶ 1, 77.

After the Appellate Court of Illinois reversed the convictions due to a *Miranda* violation, *see*

*People v. Savory*, 403 N.E.2d 118 (Ill. App. 1980), Savory was re-tried in 1981, convicted again,

and sentenced to 40-80 years' imprisonment, *see People v. Savory*, 435 N.E.2d 226 (Ill. App.

1982). After those convictions were affirmed, Savory pursued unsuccessfully several avenues of

relief in state and federal court, including two federal habeas actions. *See*, *e.g*., *Savory v. Lane*,

832 F.2d 1011 (7th Cir. 1987) (federal habeas); *Savory v. Peters*, 1995 WL 9242 (N.D. Ill. Jan.

9, 1995) (federal habeas); *People v. Savory*, 756 N.E.2d 804 (Ill. 2001) (suit under Illinois law to

compel scientific testifying of evidence); *Savory v. Lyons*, 469 F.3d 667 (7th Cir. 2006) (§ 1983

suit seeking access to physical evidence to conduct DNA testing). Savory was released from

prison on parole in 2006.  Doc. 1 at ¶ 78.  Savory's parole terminated on December 6, 2011.

Doc. 71 at 10.  (Although the parole termination date is not in the complaint, the state trial court

in a 2013 action by Savory to obtain DNA testing stated that "[h]is parole was terminated on

December 6, 2011," *People v. Savory*, 77 CF 565, Order at 2 (Cir. Ct. of Peoria Cnty., Ill. Aug.

6, 2013) (reproduced at Doc. 71-2 at 2), and Savory's attorneys confirmed at the October 25,

2017 hearing in this case that the date is correct.)  On January 12, 2015, Savory received a

pardon from the Governor of Illinois.  Doc. 1 at ¶ 87; Doc. 71-3.

Just shy of two years later, on January 11, 2017, Savory filed this 42 U.S.C. § 1983 suit

against the City of Peoria, several Peoria police officers, and a polygraph operator.  The

complaint alleges that Defendants coerced Savory's confession, fabricated evidence, and

destroyed and withheld exculpatory evidence, all in violation of the United States Constitution

and Illinois law.  Doc. 1.  Defendants move on several grounds under Federal Rule of Civil

Procedure 12(b)(6) to dismiss the suit.  Doc. 71.

The only ground that need be addressed is the statute of limitations.  True enough,

"[w]hen a defendant charges noncompliance with the statute of limitations, dismissal under Rule

12(b)(6) is irregular, for the statute of limitations is an affirmative defense."  *Chi. Bldg. Design,

P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014) (brackets and internal

quotation marks omitted).  Because "complaints need not anticipate and attempt to plead around

defenses," *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004), dismissal on

limitations grounds is appropriate only when it is clear from the facts that may be considered on

a Rule 12(b)(6) motion that the claim is time-barred, *see Mongolian House*, 770 F.3d at 614.

This case presents that circumstance.  *See Collins v. Vill. of Palatine*, __ F.3d __, 2017 WL

5490819, at *2 (7th Cir. Nov. 16, 2017); *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860
F.3d 489, 492 (7th Cir. 2017); *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016).

Savory concedes that his state law claims do not comply with 745 ILCS 10/8-101(a),
which establishes a one-year limitations period for suits brought against local governments and
their employees, Doc. 79 at 33, so those claims are dismissed.  The limitations period
for Savory's § 1983 claims is two years.  *See Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir.
2008).  Savory filed this suit on January 11, 2017, so whether the federal claims are untimely
turns on whether they accrued before January 12, 2015.  Resolution of the accrual question turns
on an application of *Heck v. Humphrey*, 512 U.S. 477 (1994).

The *Heck* doctrine provides that "a § 1983 suit for damages that would necessarily imply
the invalidity of the fact of an inmate's conviction … is not cognizable under § 1983 unless and
until the inmate obtains favorable termination of a … challenge to his conviction."  *Nelson v.
Campbell*, 541 U.S. 637, 646 (2004) (internal quotation marks omitted).  The parties agree that
Savory could not have brought his § 1983 claims until the *Heck* bar lifted because those claims,
if successful, would necessarily imply the invalidity of his convictions.  The parties further agree
that Savory's § 1983 claims accrued when the *Heck* bar on those claims lifted.  Doc. 71 at 17;
Doc. 79 at 12-13.  The parties dispute, however, when the *Heck* bar lifted.

As Savory sees it, the *Heck* bar was in place until January 12, 2015, when he received a
favorable (in his view) termination of his conviction in the form of a gubernatorial pardon.  Doc.
79 at 14.  If that is correct, then the § 1983 claims accrued on January 12, 2015 and thus are
timely.  As Defendants see it, the *Heck* bar lifted on December 6, 2011, when Savory's parole
was terminated.  Doc. 71 at 17.  If that is correct, then § 1983 claims accrued on December 6,

2011, the limitations period on those claims expired on December 6, 2013, and the claims are untimely. Defendants are correct, and understanding why requires some explanation.

*Heck* as a general rule prevents convicted criminals from challenging their intact convictions via § 1983 instead of via the habeas statute, which is the exclusive remedy for persons "who challenge the fact or duration of their confinement." *DeWalt v. Carter*, 224 F.3d 607, 614 (7th Cir. 2000). An exception to the rule arises from the fact that federal habeas relief is available only to individuals who are "in custody." 28 U.S.C. § 2254(a); *see Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("We have interpreted the [habeas statute] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."); *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) ("Federal courts have jurisdiction over a habeas petition only if the petitioner is in custody pursuant to the judgment of a State court.") (internal quotation marks omitted). In *DeWalt*, the Seventh Circuit held that because habeas is not an option after a person is no longer in custody, a post-custody § 1983 claim challenging the validity of a conviction does not interfere with the operation of the habeas statute, and thus *Heck* does not bar the claim. *See* 224 F.3d at 617 ("[W]here habeas is not applicable, the requirements of the habeas statute do not supersede the explicit right to proceed under § 1983."). As the Seventh Circuit later explained in *Simpson v. Nickel*, 450 F.3d 303 (7th Cir. 2006): "[A] prisoner whose grievance implies the invalidity of ongoing custody must seek review by collateral attack … . Only after the custody is over may the prisoner use § 1983 to seek damages against persons who may have been responsible; indeed, the § 1983 claim does not accrue until the custody ends." *Id.* at 306-07.

The question then becomes when Savory's custody ended. The answer under Seventh Circuit precedent is when his parole terminated. *See Burd v. Sessler*, 702 F.3d 429, 435 (7th Cir.

4

2012) ("Once [the plaintiff's] supervised release [the modern Illinois equivalent of parole] expires, any subsequent habeas corpus petition may be foreclosed due to failure to meet the 'in custody' requirement of habeas corpus.").  So, because Savory's § 1983 claims accrued when the *Heck* bar lifted, because the *Heck* bar lifted when Savory could no longer seek federal habeas relief, and because Savory could no longer seek habeas relief as of the termination of his parole on December 6, 2011, Savory's § 1983 claims accrued on that date, and the statute of limitations expired two years later, on December 6, 2013.  It follows that those claims, which Savory did not file until January 11, 2017, are barred by the statute of limitations.  *See Whitfield v. Howard*, 852 F.3d 656, 658 (7th Cir. 2017) (noting that the "statute of limitations does not begin to run until [the] *Heck* bar lift[s]").

Savory responds that *DeWalt* and *Simpson* do not hold that the *Heck* bar lifts once custody ends; rather, according to Savory, those decisions hold only that *Heck* does not apply to claims that never could have been brought in a habeas petition.  In both *DeWalt* and *Simpson*, the plaintiffs challenged prison disciplinary actions that affected the conditions of their confinement, such as being fired from a prison job.  *See Simpson*, 450 F.3d at 305; *DeWalt*, 224 F.3d at 617. As Savory sees it, because habeas is available only to those who challenge the fact or duration of their confinement, *see DeWalt*, 224 F.3d at 617 ("[H]abeas is the proper vehicle for presenting a claim if but only if the prisoner is seeking to 'get out' of custody in some meaningful sense.") (internal quotation marks omitted), habeas *never* was an avenue for challenging the disciplinary actions that injured the *DeWalt* and *Simpson* plaintiffs.  Savory thus reads *DeWalt* and *Simpson* as holding that, although *Heck* does not bar a § 1983 suit when habeas was never an option, when a plaintiff challenges a conviction, *Heck* continues to bar a § 1983 suit unless and until the

conviction is favorably terminated, regardless of whether the plaintiff remains in or has left custody.  Doc. 79 at 17.

Savory's reading of *DeWalt* and *Simpson* may be faithful to their facts, but it cannot be reconciled with their reasoning.  The legal principle underlying both decisions is much broader than Savory acknowledges: When habeas is not available, § 1983 is; and, more specifically, when habeas *was* available but no longer is, § 1983 *becomes* available.  Both decisions recognize the implications of the principle they articulated.  *Simpson* explicitly contemplated a case like Savory's: "[A]fter the custody is over[,] the prisoner [may] use § 1983 to seek damages against persons who may have been responsible."  450 F.3d at 307.  And *DeWalt* noted that it was overruling *Anderson v. County of Montgomery*, 111 F.3d 494, 499 (7th Cir. 1997), which had held that *Heck* barred the suit of an individual who "was not incarcerated when he brought his § 1983 claims and thus had no habeas corpus relief available to him."  *See DeWalt*, 224 F.3d at 617-18.  In overruling *Anderson*, *DeWalt* necessarily held that an individual not in custody, and thus no longer able to seek federal habeas relief, was *not* barred by *Heck* from bringing a § 1983 claim.  *See Pickens v. Moore*, 806 F. Supp. 2d 1070, 1075 n.4 (N.D. Ill. 2011) ("It is a distinction without a difference that habeas relief is unavailable to Pickens not because he is challenging the conditions of his confinement … but rather because he is no longer incarcerated.  In that regard *DeWalt* explicitly overruled *Anderson* … , which had held that the *Heck* bar applied without regard to the fact that the claimant was no longer incarcerated and thus had no habeas relief available to him.").

Savory's interpretation of *DeWalt* and *Simpson* is also inconsistent with the Seventh Circuit's recent *Whitfield* decision, which held that a plaintiff who had recently been released from custody could bring a claim through § 1983 that he could have brought (and did bring)

6

through habeas while he was in custody. 852 F.3d at 664-65. The plaintiff in *Whitfield* challenged the allegedly retaliatory revocation of his good-time credits, which delayed his release from prison by sixteen months. *Id*. at 658. Because the loss of the credits affected the duration of his incarceration, habeas was the exclusive vehicle for his challenge while he remained in custody. *Id*. at 661. Indeed, the plaintiff had filed a federal habeas petition, but it was dismissed as moot after he completed his sentence. *Id*. at 659. By permitting the plaintiff to bring a post-custody § 1983 claim, the Seventh Circuit made clear that the *Heck* bar lifts when a prisoner is released from custody, even for claims that challenge the fact or duration of confinement and therefore that could have been brought in a habeas petition. *Id*. at 663, 665.

Seventh Circuit precedent recognizes, as an exception to *DeWalt* and *Simpson*, one circumstance in which the *Heck* bar stays in place even after a plaintiff is no longer in custody: where the plaintiff "has a constitutional claim, yet (perhaps for strategic reasons) sits it out while in custody and waits to bring her claim until habeas corpus is jurisdictionally barred because the 'custody' requirement is no longer met." *Id*. at 664 (citing *Burd*, 702 F.3d at 436)). This exception adheres to the rationale of *DeWalt* and *Simpson*: Because *Heck*'s purpose is to protect the habeas remedy's exclusivity, *Heck* continues to apply to those individuals who attempt to evade the habeas statute's strictures by waiting out their sentences and only then filing § 1983 claims. The exception does not apply to Savory because, as noted above, he sought federal habeas relief not only once, but twice, during his custody.

Finally, Savory argues that the *Heck* opinion itself suggests that the favorable termination of a challenge to the plaintiff's conviction is a necessary prerequisite to bringing a § 1983 claim, even if the plaintiff is no longer in custody. *See Heck*, 512 U.S. at 490 n.10. Savory acknowledges that a majority of the Justices have expressed the view in concurrences that the

*Heck* bar does not apply to plaintiffs who are no longer in custody, *see Spencer v. Kemna*, 523 U.S. 1, 18-21 (1998) (Souter, J., concurring); *id.* at 21-22 (Ginsburg, J., concurring); *Heck*, 512 U.S. at 491-503 (Souter, J., concurring), but argues that this principle has never been expressed in a majority opinion. The Seventh Circuit considered at great length and then rejected this very argument in *DeWalt*, definitively concluding that the view expressed in the above-cited concurrences represents governing law. *See* 224 F.3d at 615-17 & n.5. That ends the matter as far as a district court is concerned. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("In a hierarchical system, decisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (citations omitted); *A Woman's Choice-E. Side Women's Clinic v. Newman*, 305 F.3d 684, 687 (7th Cir. 2002) ("[O]nly an express overruling relieves an inferior court of the duty to follow decisions on the books.").

\*   \*   \*

It is possible that Defendants, or at least one or some of them, inflicted a grave injustice on Savory. But absent circumstances not present here—such as equitable tolling, *see Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 595-97 (7th Cir. 2001) (applying Illinois equitable tolling law to a § 1983 claim), which Savory does not invoke and therefore has forfeited, *see Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or issue not raised in response to a motion to dismiss."); *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."); *Domka v. Portage Cnty.*, 523 F.3d 776, 783 n.11 (7th Cir. 2008) ("[W]here a party raises a specific

8

argument for the first time on appeal, it is waived even though the 'general issue' was before the district court.")—statutes of limitation are unforgiving, even under the most compelling circumstances. *See Maples v. Thomas*, 565 U.S. 266, 281 (2012) ("[W]hen a petitioner's postconviction counsel misses a filing deadline, the petitioner is bound by the oversight."); *Johnson v. McBride*, 318 F.3d 587, 590 (7th Cir. 2004) (dismissing as untimely a death row inmate's one-day-late federal habeas petition). Because Savory's claims are barred by the applicable statutes of limitations, this suit is dismissed. The dismissal is with prejudice because repleading could not possibly cure the claims' untimeliness. *See Conover v. Lein*, 87 F.3d 905, 908 (7th Cir. 1996) (noting that an untimely claim should be dismissed with prejudice).

December 1, 2017

_____
                                    United States District Judge

9