IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JOHNNIE LEE SAVORY, ) | |
| ) | Case No. 23-CV-01184 |
| Plaintiff, ) | |
| ) | Judge Colleen R. Lawless |
| v. ) | Mag. Judge Jonathan E. Hawley |
| ) | |
| WILLIAM CANNON, as Special Representative ) | |
| for the Estate of CHARLES CANNON, et al., ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**EMERGENCY MOTION FOR A CONTINUANCE OR STAY PENDING
ADJUDICATION OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendant Officers Allen Andrews, Mary Ann Dunlavey, John Fiers, Ed Haynes, Walter Jatkowski, Harold Marteness, Glen Perkins, George Pinkney, John Stenson, Marcella Brown Teplitz, Carl Tiarks, William Cannon, Sr. as special representative for the Estate of Charles Cannon, Stefanie Tarr as special representative for the Estates of Russell Buck, Peter Gerontes, and John Timmes, and Private Polygrapher Defendant Ed Bowers (collectively, "Defendants"), by and through their undersigned counsel, move the Court to continue and/or stay further summary judgment briefing until the Court has fully adjudicated Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment. In the alternative, Defendants request an extension until August 30, 2024, to file their Replies. In support, Defendants state:

1. On June 6, 2024, Defendants filed their Motion to Strike Plaintiff's Response to Their Motion for Summary Judgment ("Motion to Strike"), asking the Court "to (1) strike Savory's filings responding to the Defendant Officers' motion for summary judgment, (2) grant the Officer Defendants summary judgment, and (3), until such time as this Motion to Strike is adjudicated,

stay further summary judgment briefing." (Dkt. 329, Mot. to Strike; *see also* Dkt. 330, Memo in Support of Mot. to Strike.)

2. As Defendants explained in their Motion to Strike, Plaintiff's Response to Summary Judgment so aggressively violates the Central District's Local Rules—indeed, so violates the basic tenets of commonplace summary judgment motion practice—that Defendants cannot feasibly mount a reasoned Reply without committing the Court and Defendants alike to sifting through heaps of impropriety, contradiction, and outright frivolousness. (*See generally* Dkt. 330, Memo in Support of Mot. to Strike.)

3. Because Plaintiff's bad faith tactic has backed Defendants into an impossible corner, Defendants hereby submit this Emergency Motion to request the Court to continue and/or stay further summary judgment briefing until the Motion to Strike is adjudicated. The Central District permits emergency motions, *e.g.,* Mag. J. Hawley Standing Order in Civil Cases, § X, although the district lacks a standard definition of "emergency motion." *E.g., CQuest Am., Inc. v. Yahasoft, Inc.*, No. 13-cv-3349, 2014 WL 6761336 (C.D. Ill. Dec. 1, 2014) (adjudicating an "emergency motion," without defining the scope of what such a motion normally entails).

4. Defendants therefore look to the Northern District of Illinois's definition, which states that an emergency motion is "a matter of such a nature that the delay in hearing it that would result from its being treated as any other matter would cause serious and irreparable harm to one or more of the parties to the proceeding." N.D. Ill. L.R. 77.2(a)(3). The Northern District also specifically notes that "requests for continuances…will normally be entertained as emergency matters" during "the fourteen-week period beginning on the first Monday in June." N.D. Ill. L.R. 77.7(a)(3)–(4). As this motion concerns possibly irreparable harm to Defendants and, quite

possibly, the Court, and the request to continue comes after the first Monday in June, Defendants bring it as an Emergency Motion, consistent with the rules of this Court's sister district.

5. As it stands, Defendants' Replies in Support of Their Motions for Summary Judgment are due on Monday, July 8, 2024. Respectfully, Defendants fear that if they are required to file their Summary Judgment Replies before their Motion to Strike is adjudicated, they would be deprived of a fair opportunity to litigate the merits of the lawsuit against them. The sheer volume of impropriety in Plaintiff's Summary Judgment Response, as described in detail in the Motion to Strike, renders impossible the tasks of cogently assessing what statements of fact are backed up by their cited sources, discerning whether any purported disputes of fact are legitimate and material, and what theories of liability are not only being litigated, but are also genuinely up for contest.

6. To that end, defense counsel submit that they have never seen so serious, yet so patently unfair, a risk of waiver. Counsel fears that buried under Plaintiff's facially inappropriate filing is some legal theory, dispute of fact, or piece of evidence that his impropriety has slyly masked, only for it to spring forth in a request from Plaintiff for sur-reply so that he might assert that Defendants have waived their entitlement to respond. Unless reply briefing on Defendants' Summary Judgment Motions is continued and/or stayed until such time as the Court rules on the Motion to Strike, Defendants—and the Court—are at peril of being taken advantage of through the insidious stratagem of blatant rule-breaking.

7. This goes for Private Polygrapher Defendant Bowers, too. Although he filed a separate Motion for Summary Judgment that explains he cannot be liable under § 1983 because he did not act under color of law, Bowers also joined his fellow Officer Defendants' arguments that they were entitled to qualified immunity on Savory's substantive due process claim, should

the Court find that Bowers was acting under color of law. (Dkt. 310, Bowers' Mot. for Summary Judgment, at *17 n.6.) Thus, Reply briefing from the Officer Defendants has the potential to resolve summary judgment for Bowers. Therefore, any Reply Brief for Defendant Bowers should similarly be continued and/or stayed pending the adjudication of Defendants' Motion to Strike.

8. As a final note, the necessity of judicial intervention in Plaintiff's counsel's misconduct is becoming more urgent by the day. **The same impropriety addressed in the Motion to Strike was raised *this very week* by Judge Ellis**, in *Johnson v. City of Chicago*, upon the same defense counsel having requested leave to file a motion to strike the response to summary judgment filed by the same counsel representing Plaintiff in this case over similar issues. On June 17, 2024, in granting leave for the defendants leave to file their motion to strike, Judge Ellis ordered:

> While Plaintiff is free, and in fact encouraged, to bring disputed facts to the Court's attention that warrant a denial of summary judgment, the Court finds it hard to believe that it must sift through almost 500 statements of facts in order to do so. Nevertheless, the Court will rule on what the parties present and also impose any warranted sanctions for failing to follow the Court's clear directives.

(**Ex. A**, Minute Entry, *Johnson v. Guevara*, No. 20-cv-04156, Dkt. 347 (N.D. Ill. June 17, 2024).)

9. Should the Court decline to continue and/or stay further summary judgment briefing as requested, Defendants alternatively request an extension until August 30, 2024, within which to file their Replies. Defense counsel is trying a substantial federal reversed-conviction case—against Plaintiffs' counsel, no less—in July 2024, and at present, they are in the throes of all the demands that attend a pretrial gear-up of this magnitude. In addition, Plaintiff received three separate extensions of time within which to file their Response to Summary Judgment, and the result was the voluminous filing discussed above. In keeping, Defendants require more time to

4

ensure that every aspect of Plaintiff's Response to Summary Judgment is vetted and replied to, in order to avoid the harrowing waiver risks are already laid out.

## CONCLUSION

WHEREFORE, Defendants move this Honorable Court to continue and/or stay further summary judgment briefing until such time as the Court has fully adjudicated Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment; or, in the alternative, to extend Defendants' deadline to file their Replies in Support of Summary Judgment to August 30, 2024.

Date: June 18, 2024

Respectfully submitted,

/s/ James G. Sotos
JAMES G. SOTOS, Attorney No. 6191975
*One of the Attorneys for Defendants* James G. Sotos

John J. Timbo
Kyle T. Christie
Mark F. Schroeder
Thomas J. Sotos
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
jsotos@jsotoslaw.com

5

## CERTIFICATE OF SERVICE

      I certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on June 18, 2024, I electronically filed the foregoing **Emergency Motion for a Continuance or Stay Pending Adjudication of Defendants' Motion to Strike Plaintiff's Response to Defendants' Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record on the below Service List.

***Attorneys for Plaintiff*:**
Jonathan I. Loevy
Arthur R. Loevy
Steven E. Art
Megan Pierce
Julia Rickert
Locke E. Bowman , III
Loevy & Loevy
311 N. Aberdeen
3rd FL
Chicago, IL 60607
(312)243-5900
jon@loevy.com
loevylaw@loevy.com
steve@loevy.com
megan@loevy.com
julia@loevy.com
locke@loevy.com

G. Flint Taylor , Jr.
Brad Thomson
People's Law Offices
1180 North Milwaukee Avenue
Chicago, IL 60622
(773) 235-0070
flint.taylor10@gmail.com
brad@peopleslawoffice.com

                                        /s/ James G. Sotos
                                        JAMES G. SOTOS, Attorney No. 6191975
                                        *One of the Attorneys for Defendants*