# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE LEE SAVORY, ) | |
| ) | Case No. 17-cv-00204 |
| Plaintiff, ) | |
| ) | Hon. Judge Colleen R. Lawless |
| v. ) | |
| ) | Mag. Judge Jonathan E. Hawley |
| WILLIAM CANNON, as Special Representative ) | |
| for the Estate of CHARLES CANNON, et al., ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## JOINT STATUS REPORT

The parties, through their counsel, respectfully submit the following Joint Status Report pursuant to the Court's October 4, 2024 Order:

1. The District Court denied in part and granted in part Defendants' motion for summary judgment. ECF No. 340. The Court then instructed the parties to file a joint status report by October 18, 2024.

**Plaintiff's Position**

2. Plaintiff's case was filed on January 11, 2017. ECF No. 1. This litigation will reach its eighth anniversary in less than three months. The case has already been appealed to the Seventh Circuit, where it was litigated through an en banc decision finding that Plaintiff's complaint was timely filed. *Savory v. Cannon,* 947 F,3d 409 (7th Cir. 2020). That appellate litigation lasted more than two years. Following remand, the case has been extensively litigated in this Court. It is Plaintiff's position that, summary judgment having been denied, the case should be scheduled for trial on the earliest available date. Plaintiff believes that eight to 10 trial days would be sufficient.

3. Plaintiff understands that, as they set forth below, Defendants intend to file an interlocutory qualified immunity appeal. Plaintiff intends to move to certify that appeal as frivolous under the authority of *Apostol v. Gallion,* 870 F.2d 1335 (7th Cir. 1989) because Defendants' claim of qualified immunity requires resolution of disputes of material fact, as this Court has already decided. Certifying an appeal as frivolous (a term of art in this context) permits this Court to proceed to trial, and Plaintiff's position is that this case should proceed to trial in short order. Not only has the case been pending for close to eight years, but as Defendants readily acknowledge, their proposed appeal would not resolve all the claims in the case, even if Defendants were successful. A trial will have to occur no matter what.

4. Plaintiff has no objection to Defendants' filing their motion to reconsider and has no objection to the Court setting a schedule if it wishes to consider additional motions as to summary judgment, but Plaintiff submits that Defendants have identified no good basis for reconsideration. Plaintiff's position is that any motion to reconsider should be briefed at the same time as pretrial motions.

**Defendants' Position**

5. Defendants intend to file an interlocutory appeal to the Seventh Circuit from the District Court's denial of summary judgment over claims for which Defendants sought absolute and qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985) (permitting interlocutory appeal of denials of immunity at summary judgment). Specifically, Defendants sought absolute immunity from Plaintiff's claim concerning the introduction of Plaintiff's alleged fabricated confession at his criminal trials. And Defendants sought qualified immunity from Plaintiff's claims that Defendants coerced an involuntary confession from Plaintiff, suppressed evidence, destroyed evidence, and wrongfully detained Plaintiff. Defendants' have a

good faith basis to seek appellate review regarding their assertion of immunity defenses, and Plaintiff's contention that this is frivolous is premature and unwarranted.

6. As a result of Defendants' intent to seek an interlocutory appeal, the Court cannot set a trial date, as it is divested of jurisdiction over proceeding with a trial on the merits. *Engel v. Buchanan*, No. 10 C 3288, 2011 WL 13151374, at *1 (N.D. Ill. June 8, 2011). And because of the pending appeal, Defendants are unable to determine how many days a trial would take until it is clear which of Plaintiff's claims survive.

7. In addition, Defendants also intend to file a motion to reconsider portions of the Court's partial dismissal of Defendants' summary judgment motion over non-immunity issues pursuant to Federal Rule of Civil Procedure 54(b). To avoid delay, Defendants request that the Court set a briefing schedule on their motion to reconsider, consistent with the notion that jurisdiction over non-appealed issues remains vested in the District Court. *Est. of Carlock by Andreatta-Carlock v. Williamson*, No. 08-3075, 2014 WL 12738632, at *2 (C.D. Ill. Feb. 27, 2014).

8. Of course, the Court in its discretion, may stay the entire case pending resolution of the appeal. *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000). Defendants, however, are not affirmatively seeking such a ruling. They defer to the Court's preference on the management of its docket.

| | |
|---|---|
| Date: October 18, 2024 | Respectfully submitted, |
| /s/ Megan Pierce | /s/ Kyle T. Christie |
| *One of the Attorneys for Plaintiff* | *One of the Attorneys for Defendants* |
| Jonathan I. Loevy<br>Arthur R. Loevy<br>Steven E. Art<br>Locke E. Bowman, III<br>Megan Pierce<br>LOEVY & LOEVY<br>311 N. Aberdeen St., 3rd Floor<br>Chicago, Illinois 60607<br>(312) 243-5900<br>megan@loevy.com<br><br>Flint Taylor<br>Brad Thomson<br>PEOPLE'S LAW OFFICE<br>1180 N. Milwaukee Ave.<br>Chicago, Illinois 60642<br>(773) 235-0070 | James G. Sotos<br>John J. Timbo<br>Kyle T. Christie<br>Mark F. Smolens<br>THE SOTOS LAW FIRM, P.C.<br>141 W. Jackson Blvd., #1240A<br>Chicago, IL 60604<br>(630) 735-3300<br>kchristie@jsotoslaw.com |

### CERTIFICATE OF SERVICE

I, Megan Pierce, an attorney, hereby certify that I served the foregoing document on all parties of record via the Court's CM/ECF filing system on October 16, 2024.

/s/ Megan Pierce
*One of Plaintiff's Attorneys*

4