# IN THE UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNIE LEE SAVORY, ) | |
| ) | Case No. 23-cv-01184 |
| *Plaintiff*, ) | |
| ) | The Hon. Judge Colleen R. Lawless |
| v. ) | |
| ) | Mag. Judge Jonathan E. Hawley |
| WILLIAM CANNON, as Special ) | |
| Representative for the Estate of ) | |
| CHARLES CANNON, et al., ) | |
| ) | JURY TRIAL DEMANDED |
| *Defendants*. ) | |

## MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

Plaintiff Johnnie Lee Savory, by his attorneys, Loevy & Loevy, and the People's Law Office, respectfully moves to certify Defendants' appeal (Doc. No. 342) as frivolous under the authority of *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), stating in support as follows:

### INTRODUCTION

In many cases there is a presumption that the case should be stayed pending resolution of an interlocutory appeal, but there is an important exception to this rule where an appeal is without legal basis and the consequences of further delay are substantial. In such a case, the Supreme Court and Seventh Circuit direct that a district court should certify the appeal as frivolous and proceed to trial. An appeal is without legal basis and should be certified as frivolous when the appeal necessarily will depend on disputing a district court's conclusion that genuine disputes of material fact exist for trial— because such disputes of fact are outside of the appellate court's jurisdiction in a qualified immunity appeal—or where the appeal presents purely legal issues already conclusively resolved against the appealing party.

Defendants' attempted appeal in this case fits this important exception and should be certified as frivolous. First, Defendants' appeal necessarily will challenge this Court's conclusion that material

1

disputes of fact require a trial. Defendants did not challenge many of Savory's claims and theories in their summary judgment motions, and where they did their arguments for immunity were limited and premised wholly on the argument that the undisputed facts demonstrated that Defendants had not violated Savory's constitutional rights. This Court disagreed with Defendants on the vast majority of those arguments, concluding that the summary judgment record is sufficient to require a jury to resolve disputed facts. Defendants' appeal, therefore, will necessarily dispute this Court's conclusion about the facts, the Seventh Circuit will lack jurisdiction to consider the appeal, and it should be certified as frivolous for that reason.

Conversely, if Defendants were to accept Savory's and this Court's view of the facts without challenge on appeal, then there would be no purely legal issue the Defendants might present on appeal that has not already been resolved conclusively in Savory's favor by recent Supreme Court and Seventh Circuit decisions, as this Court noted in its summary judgment opinion. In other words, Defendants appeal either will challenge the facts, depriving the court of appeals of jurisdiction, or it will present legal issues that have no basis, and either way this Court should certify the appeal as frivolous and proceed to trial.

Second, Savory would be extraordinarily prejudiced by a second appeal in this case. Savory is not a young man. For nearly a half century, he has sought justice for his wrongful conviction. He has litigated this civil case for nearly eight years. He has already endured an earlier appeal to the Seventh Circuit, which lasted years, and which was resolved by the panel and *en banc* Court resoundingly in his favor. Further delay will cause him extreme prejudice. This is particularly so given that a trial will occur in this case whether or not Defendants are allowed to appeal. Defendants did not move for summary judgment on all of Savory's claims and theories, and they certainly did not raise claims of immunity on all claims and theories. As a result, even if Defendants were completely successful on appeal, there would still be a trial, and the delay of the appeal will have been for nothing. For all of these reasons,

this Court should certify the appeal as frivolous and proceed to trial.

## LEGAL STANDARD

In a large number of recent civil rights cases, the Seventh Circuit has determined that it lacks appellate jurisdiction to consider precisely the type of appeal that the Defendants have filed here, and it has reiterated: "We have explained many times that we do not have jurisdiction to review qualified immunity denials on interlocutory appeal when the district court's decision, or the appellant's arguments, turn on disputes of material fact." *Stewardson v. Biggs*, 43 F.4th 732, 734 (7th Cir. 2022); see also *Ferguson v. McDonough*, 13 F.4th 574, 579-80 (7th Cir. 2021); *Bayon v. Berkebile*, 29 F.4th 850, 856 (7th Cir. 2022); *Taylor v. Ways*, 999 F.3d 478, 486 (7th Cir. 2021); *Koh v. Ustich*, 933 F.3d 836, 844-45 (7th Cir. 2019); *Gant v. Hartman*, 924 F.3d 445, 451 (7th Cir. 2019); *Hurt v. Wise*, 880 F.3d 831, 839 (7th Cir. 2018); *Jackson v. Curry*, 888 F.3d 259, 266 (7th Cir. 2018); *Stinson v. Gauger*, 868 F.3d 516, 525 (7th Cir. 2015) (*en banc*). Where facts are disputed, the appellate court lacks jurisdiction, the appeal is "frivolous" (which in this context merely means an appeal over which an appeals court lacks jurisdiction), and it should be certified as frivolous by a district court, so that the case can proceed to trial without delay. *Behrens v. Pelletier*, 516 U.S. 299, 310 (1996); *Apostol v. Gallion*, 870 F.2d 1335, 1339-40 (7th Cir. 1989).

Accordingly, where a district court has concluded that the summary judgment record reflects material disputes of fact, it is inappropriate for defendants to take an appeal before trial about the conduct of an interrogation or voluntariness of a confession, *Koh*, 933 F.3d at 844-45 (holding that because the voluntariness of a confession depends on the totality of circumstances, and "these challenged facts are an integral part of the totality of circumstances considered by the district court, we lack jurisdiction over [defendants'] appeal"); or about whether officers fabricated or suppressed evidence, *Stinson*, 868 F.3d at 525 (holding *en banc* that the appellate court lacks jurisdiction to reconsider the district court's decision at summary judgment that material disputes of fact exist

3

regarding claims of evidence of fabrication and suppression); or about whether officers' conduct caused the violation of constitutional rights, *Taylor*, 999 F.3d at 486 (holding that questions regarding causation involve fact disputes that cannot be resolved during a qualified immunity appeal).

Appellate jurisdiction in immunity appeals is strictly limited to purely legal questions *separate* from the merits of the case, but Defendants' appeal here necessarily depends on challenging this Court's determination that factual disputes require a trial. To the extent Defendants purport to appeal a purely legal question, the only ones they might raise concern whether use of a false confession at trial or the suppression or destruction of evidence violates established law—questions the Supreme Court and Seventh Circuit has answered conclusively in Savory's favor already, as this Court concluded at summary judgment. Because Defendants' appeal has no basis, this Court should certify it as frivolous under *Apostol*, 870 F.2d 1335.

**A.     Unfounded Qualified Immunity Appeals Should Be Certified As Frivolous.**

In *Behrens*, the Supreme Court recognized that the delay caused by a qualified immunity appeal after summary judgment "affords an opportunity for abuse." 516 U.S. at 310. The Court thus empowered district courts to police such abuses by certifying appeals as frivolous, which "enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings." *Id.* at 310-11. The Seventh Circuit discussed this procedure in *Apostol* recognizing that

> [qualified immunity appeals] may injure the legitimate interests of other litigants and the judicial system. During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic . . . . Plaintiffs' entitlements may be lost or undermined. Most deferments will be unnecessary. The majority of [qualified immunity] appeals—like the bulk of all appeals—end in affirmance. Defendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals. Defendants may take [qualified immunity] appeals for tactical as well as strategic reasons . . . . Proceedings masquerading as [qualified immunity] appeals but in fact not presenting genuine claims of immunity create still further problems.

870 F.2d at 1339-40. Accordingly, where an appeal is frivolous, a district court can certify that the

4

appeal lacks merit, explain its reasoning and "get on with the trial." *Id.* at 1339. A defendant who disagrees with such a certification can seek a stay from the court of appeals. *Id.* at 1340. The Supreme Court has recently affirmed the importance of district courts using this mechanism. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023).

An appeal is frivolous when it is "unfounded." *McMath v. Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). And an appeal is unfounded if the district court "has not finally resolved the question of immunity," meaning that there are issues of fact for a jury to resolve on the question whether a constitutional right was violated, or when the district court's "disposition is so plainly correct that nothing can be said on the other side"—*i.e.,* whether the law was clearly established is obvious in light of precedent. *Apostol*, 870 F.3d at 1339.

**B.    Appellate Jurisdiction Over Qualified Immunity Appeals Is Narrowly Limited.**

Qualified immunity appeals that involve factual disputes are frivolous because appeals in federal court are statutorily limited to final decisions of the district courts. 28 U.S.C. § 1291. In *Cohen v. Beneficial Industrial Loan Corp.*, the Supreme Court established the collateral-order doctrine, which regards as final and thus allows the immediate appeal of orders that (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits, and (3) are effectively unreviewable on appeal from a final judgment. 337 U.S. 541, 546 (1949). The collateral order doctrine is narrowly limited. *Will v. Hallock*, 546 U.S. 345 (2006); *Digital Equipment v. Desktop Direct*, 511 U.S. 863 (1994).

The Supreme Court in *Mitchell v. Forsyth* permitted appeals from the denial of qualified immunity at the summary judgment stage on the purely legal question whether "the legal norms allegedly violated by the defendants were clearly established[.]" 472 U.S. 511, 528 (1985). As the Seventh Circuit explained in *Jones*, such appeals from denials of qualified immunity meet *Cohen*'s requirements in general, but "the *Cohen* framework breaks down if there is no separation between the

5

merits of the underlying lawsuit and the subject matter of the collateral order being appealed . . . . The problem, as the [Supreme] Court has recognized, is that a great number of orders denying qualified immunity at the pretrial stage are linked closely to the merits of the plaintiff's claim." 630 F.3d at 679.

As a result, the Supreme Court in *Johnson v. Jones* drew an unambiguous line: it expressly limited qualified immunity appeals at summary judgment to "abstract issues of law," and it held that appellate courts lack jurisdiction to resolve factual disputes or to review lower court decisions about the sufficiency of evidence in the pretrial record. 515 U.S. 304, 313-20 (1995); *see also Ortiz v. Jordan*, 562 U.S. 180, 190 (2011) ("Cases [presenting pure legal issues] typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law."); *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) ("*Johnson* held that the collateral orders that are 'final' under *Mitchell* turn on 'abstract,' rather than 'fact-based,' issues of law."); *Behrens*, 516 U.S. at 312-13 (appealable orders "resolve a dispute concerning an abstract issu[e] of law relating to qualified immunity . . . —typically, the issue whether the federal right allegedly infringed was clearly established"); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (denials of immunity at summary judgment are appealable only "to the extent that [the district court's decision] turns on an issue of law"). "'The appeal is limited in scope for the same reason it is permitted: the question of qualified immunity is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated.'" *Jackson*, 888 F.3d at 262-63 (quoting *Armstrong v. Daily*, 786 F.3d 529, 537 (7th Cir. 2015)).

This Court has already concluded that the question whether Savory's constitutional rights were violated necessarily requires a jury to resolve disputed facts reflected in the summary judgment record. Dkt. 340. Accordingly, any issue Defendants might raise on appeal depends on disputes of fact, and Defendants cannot raise any issue that would fall within the appellate court's jurisdiction. The appeal should be certified as frivolous.

**DISCUSSION**

### A. The Seventh Circuit Lacks Jurisdiction To Consider the Factual Disputes That Defendants Will Necessarily Raise on Appeal

Defendants' arguments for summary judgment were premised on fundamental disputes with Plaintiff's version of the facts and a rejection of the evidence supporting those facts. This includes their arguments for qualified immunity. This Court rejected those arguments finding that material disputes of fact required a trial in this case, and denied summary judgment on that basis.

Given this, there is nothing for Defendants to appeal. Defendants are barred from presenting any argument on appeal that raises a factual dispute or that challenges this Court's conclusion that the summary judgment record presents a dispute of fact for trial on Savory's constitutional claims. The Seventh Circuit has repeatedly warned that appeals challenging a district court's determination about the sufficiency of evidence in the summary judgment record and appeals that depend on the resolution of factual disputes will be dismissed for lack of jurisdiction. *See* cases collected *supra* at 3.

This principle was reaffirmed by the Seventh Circuit sitting *en banc* in *Stinson v. Gauger*, which dismissed a qualified immunity appeal, at summary judgment, in a wrongful conviction case, on the grounds that the defendants "dispute[d] the district court's conclusions of the sufficiency of the evidence on questions of fact." 868 F.3d at 528-29. In recent years, the Seventh Circuit has dismissed qualified immunity appeals for this reason many times. *See, e.g.*, *Stewardson*, 43 F.4th at 734 ("We have explained many times that we do not have jurisdiction to review qualified immunity denials on interlocutory appeal when the district court's decision, or the appellant's arguments, turn on disputes of material fact."); *Ferguson*, 13 F.4th at 579-80 (7th Cir. 2021) ("An interlocutory order denying qualified immunity does not constitute a final decision on the defendant's right not to stand trial when the district court denies summary judgment on the ground that factual disputes exist which prevent the resolution of the qualified immunity defense."); *Nettles-Bey v. Williams*, 819 F.3d 959, 961 (7th Cir. 2016) (dismissing appeal because police defendants argued "that the district judge misunderstood the

facts"); *Gutierrez v. Kermon*, 722 F.3d 1003, 1010-11 (7th Cir. 2013) (dismissing an appeal and concluding that "[e]ven if the appellant disclaims any attempt to challenge the district court's conclusion that genuine factual disputes exist, we lack jurisdiction when his argument on appeal depends upon and is inseparable from disputed facts"); *Whitlock v. Brueggemann*, 682 F.3d 567, 574 (7th Cir. 2012) (rejecting the argument that district court did not cite enough evidence in the summary judgment record to conclude that a trial was warranted and explaining, "No matter how vigorously the police defendants contend that these issues are the sort of abstract legal questions we have jurisdiction to review at this stage of the litigation, they are not. They are merely a back-door effort to contest the facts."); *Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011) ("If [the Court] detect[s] a back-door effort to contest the facts, we will reject it and dismiss the appeal for want of jurisdiction.").[1]

The Seventh Circuit has applied that principle to dismiss qualified immunity appeals from denials of summary judgment where the factual circumstances of a coerced confession or fabrication or suppression of evidence are in dispute. *Koh*, 933 F.3d at 844-45 (holding that because the voluntariness of a confession depends on the totality of circumstances, and "these challenged facts are an integral part of the totality of circumstances considered by the district court, we lack jurisdiction over [defendants'] appeal"); *Hurt*, 880 F.3d at 839 (holding that a district court's view that there are disputes of fact regarding an interrogation and coerced confession are unreviewable in a qualified immunity appeal); *Stinson*, 868 F.3d 525 (holding *en banc* that the appellate court lacks jurisdiction to reconsider the district court's decision at summary judgment that material disputes of fact exist regarding claims of evidence of fabrication and suppression); *Hill v. Coppleson*, 627 F.3d 601, 606 (7th Cir. 2010) ("[B]ecause we cannot determine whether [the defendant] coerced [the plaintiff]'s confession without

---

[1] *Bayon*, 29 F.4th 856; *Gant*, 924 F.3d at 451; *Taylor*, 999 F.3d 486; *Koh*, 933 F.3d at 844-45; *Hurt*, 880 F.3d at 839; *Jackson*, 888 F.3d at 266; *Huff v. Reichert*, 744 F.3d 999, 1004-05 (7th Cir. 2014); *Levan v. George*, 604 F.3d 366, 370-71 (7th Cir. 2010); *White v. Gerardot*, 509 F.3d 829, 835 (7th Cir. 2007); *Via v. LaGrand*, 469 F.3d 618, 624 (7th Cir. 2006); *Villo v. Eyre*, 547 F.3d 707, 711-12 (7th Cir. 2008).

resolving the discrepancies between [the plaintiff]'s and [the defendant]'s accounts of the events, we lack jurisdiction to consider [the defendant]'s qualified immunity claim on interlocutory appeal.").

This Court's decision at summary judgment in this case is teeming with findings that the factual record and inferences drawn from that record would permit a reasonable jury to conclude that Savory's rights were violated. Dkt. 340 at 11-16, 29-33. Those findings are absolutely off limits on appeal.

Applying these decisions, district courts in the Seventh Circuit routinely have certified qualified immunity appeals as frivolous when they assert that the district court wrongly concluded that the record presents a genuine dispute of fact for trial. See, e.g., *Robinson v. City of Madison*, No. 15-CV-502-JDP, 2017 WL 685527, at *3 (W.D. Wis. Feb. 16, 2017) ("The court has considered plaintiff's motion with appropriate caution, recognizing that the question is not whether [the defendant's] appeal is meritorious, but whether it has at least arguable merit so that the court of appeals ought to consider it before trial. The court concludes that it does not have arguable merit, because [the defendant's] appeal depends precisely on a genuinely disputed fact. Accordingly, the court certifies that [the defendant's] interlocutory appeal is frivolous."); *Lanza v. City of Chicago*, 2010 WL 5313483, at *2 (N.D. Ill. Dec. 20, 2010) ("What is beyond question is that the resolution of the merits is going to require a resolution of disputed questions of fact as to [the defendant]'s role in eliciting the fabricated confession."); *see also Gregory v. Oliver*, 2002 WL 31972165, *2 (N.D. Ill. Dec. 27, 2002); *Vladic v. Hamann*, 2002 WL 31248544, at *2 (N.D. Ill. Oct. 4, 2002). Defendants' appeals in this case mount precisely this type of factual challenge, they are beyond appellate jurisdiction, and for that reason they should be certified as frivolous.

**B.     The Limited Purely Legal Issues That Defendants Might Raise on Appeal Have Been Answered Conclusively by the Seventh Circuit Already.**

Even imagining that Defendants disclaimed any intention of mounting factual challenges on appeal—a position that would be contrary to their arguments in this Court and that would ignore the

9

reality that Defendants' immunity arguments will necessarily undermine the Court's and Savory's view of the factual record—this Court should still certify Defendants' appeal as frivolous. The only purely legal issues Defendants can possibly raise on appeal—namely, whether the law governing Savory's self-incrimination and due process claims is clearly established—are questions the Seventh Circuit has conclusively answered in Savory's favor already. Therefore, any appeal based on those issues would necessarily be frivolous.

As this Court observed when it denied summary judgment, a number of Supreme Court and Seventh Circuit cases put reasonable officers on notice long before Savory's arrest, interrogation, and prosecution that their conduct violated the constitution. Dkt. 325 at 130-38 (collecting cases providing notice on illegal interrogations and coerced confessions); *id.* at 163-64 & n.20 (on evidence suppression); *id.* at 177-78 (on destruction of evidence). Moreover, as the Court recognized, the Seventh Circuit expressly rejected Defendants' absolute immunity argument in *Avery v. Milwaukee*, 847 F.3d 847, 441-42 (7th Cir. 2017). There is nothing remotely infirm about this Court's conclusion that the law governing Defendants' conduct was clearly established at all relevant times.

Courts in the Seventh Circuit have certified qualified immunity appeals as frivolous where they raise an argument about the state of clearly established law that has already been resolved by the Seventh Circuit. *Manning v. Dye*, 2003 WL 21704431, at *2 (N.D. Ill. July 22, 2003); *Vidmar v. City of Chicago Bd. of Educ.*, 1999 WL 409929, at *4 (N.D. Ill. June 7, 1999); *Husband v. Foulks*, 1991 WL 78177, at *1 (N.D. Ill. May 6, 1991). The same is true where the appeal raises other legal issues conclusively resolved by the court of appeals in past cases. *Young v. Dart*, 2009 WL 2986109, at *4 (N.D. Ill. Sept. 15, 2009); *Ruffino v. Sheahan*, 61 F. Supp. 2d 767, 770 (N.D. Ill. 1999). In light of existing precedent, there is no unanswered legal question relating to that immunity determination for Defendants to appeal. For these reasons as well Defendants' appeal should be certified as frivolous.

In summary, if Defendants accept the Court's view that the factual record presents a genuine

dispute for trial on Savory's claims, then the only purely legal questions presented by their appeal have been answered by the Seventh Circuit conclusively and against them already. On the other hand, if Defendants wish to present a novel question in their appeals, then they can only create such an issue by challenging this Court's view of the factual record, an attack that is beyond the Seventh Circuit's appellate jurisdiction. Savory expects that, in their response to this motion, Defendants will not be able to articulate any purely legal issue relating to qualified immunity that has any merit.

**C.     Other Legal Issues Are Outside of Appellate Jurisdiction.**

Defendants may identify other interesting issues to justify their current appeals, but it is important to stress that any other *legal* issue would also be outside of the Seventh Circuit's jurisdiction. Qualified immunity is an entitlement to avoid litigation (not just a judgment), and so a denial of immunity is subject to immediate appeal because that denial, in the framework of *Cohen*, would prove effectively unreviewable on appeal from the final judgment. *Mitchell*, 472 U.S. at 527-30. Legal issues that are separate from the question whether Defendants' conduct violated established constitutional rights are simply not immediately appealable.

As a result, any potential question Defendants might raise about causation, for example, would be outside of interlocutory appellate jurisdiction. The Seventh Circuit squarely held as much in *Jackson*, 888 F.3d at 266 ("We presently lack jurisdiction over the superseding-cause issue as it is not a pure legal question related to qualified immunity."); see also *Taylor*, 999 F.3d at 486 (holding that questions regarding causation concern disputes of fact that cannot be resolved during an interlocutory appeal of qualified immunity). The same is true of questions of waiver and forfeiture, which will plague Defendants' appeal, given their decision not to challenge a large portion of Savory's claims and theories—those questions are not properly before the court of appeals in an immunity appeal.

**D.     A Trial Will Occur No Matter What.**

In addition, against this backdrop, it is important to observe that a trial will take place in this

11

case no matter what. Defendants never mounted a claim for immunity that applied to all of Savory's different claims. As discussed in detail in Savory's response to Defendants' motions for summary judgment, Defendants never addressed a great number of Savory's different constitutional claims and theories in their summary-judgment motions, *Savory v. Cannon*, No. 23 C 1184, Dkt. 325 at 114-122 (C.D. Ill. Apr. 22, 2024), and they cannot ask the Seventh Circuit to grant them immunity on claims and theories they never even mentioned in this Court. At trial will occur on all of these claims, regardless of any appeal.

Similarly, Defendants' express arguments about immunity were extremely limited, and even construing those arguments as broadly as possible, their claim of immunity would only cover a small part of Savory's theories at issue in this case. Defendants argued for qualified and testimony immunity on Savory's Fifth Amendment claim regarding their use of Savory's coerced confession solely in Savory's 1977 criminal trial, *Savory v. Cannon*, No. 23 C 1184, Dkt. 294 at 69-74 & Dkt. 315 (C.D. Ill. Jan. 2, 2024); they argued for qualified immunity on narrow suppression theory regarding suppressed evidence notes, see Dkt. 294 at 59-60, a theory on which this Court ruled in Defendants' favor, see Dkt. 340 at 38-39; they argued they were entitled to qualified immunity regarding destruction of items of physical evidence, see Dkt. 294 at 67-68; and they devoted one sentence to an argument for immunity on Savory's Fourth Amendment claims, see Dkt. 294 at 82, failing to preserve the argument. There is no other immunity argument anywhere in their briefs. See, e.g., Dkt. 325 at 1674-65 (discussing Defendants' failure to claim qualified immunity on any fabrication theory). Defendants will not be permitted to mount new immunity arguments on appeal, which is another reason a trial will occur no matter what.[2]

---

[2] In their docketing statement filed after their notice of appeal, Defendants sketch out a number of hypothetical arguments they might make on appeal, Dkt. 343 ¶¶ 6-7, ignoring that they did not raise these arguments in this Court.

Because a trial will occur against the individual Defendants remaining in the case no matter what—even if Defendants secured maximal success on appeal—it would be extraordinarily inefficient to permit Defendants to take an appeal at this stage. At best, the appeal would slightly narrow a small subset of claims for trial. Part of the reason the Supreme Court permits appeals of qualified immunity decisions is because Defendants are entitled to avoid a trial, not just a judgment. But in this case, that purpose cannot be achieved. This is another reason to certify the appeal as frivolous.

### E.     The Delay Caused by An Appeal Will Prejudice Savory Profoundly.

Lastly, there are strong equitable considerations that weigh in favor of recognizing this appeal for what it is—frivolous—and proceeding to trial. Savory will suffer substantial prejudice if there is further delay of this case.

This case concerns a 1977 arrest and prosecution. Though innocent, Savory was convicted and spent decades behind bars. He was finally exonerated in 2015, nearly 40 years after his ordeal began. In 2017, he filed this lawsuit, which has been pending for nearly eight years. A year after the suit was filed, it was dismissed in error, and Savory spent three years litigating the case in the Seventh Circuit, first winning before a panel, *Savory v. Cannon*, 912 F.3d 1030 (2019), and then before the *en banc* Seventh Circuit, *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (*en banc*). After protracted discovery, numerous extensions, and a transfer of the case to this District, motions for summary judgment were filed in January and were decided in October 2024. The case is now ready for trial.

If Defendants are permitted to appeal before trial, there is the possibility that Savory will spend many more years waiting, and fighting, for justice. The median time for resolution of an appeal in the Seventh Circuit was 9.6 months as of June 2024. *See* U.S. Court of Appeals—Federal Court Management Statistics, *available at* https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2024/06/30. Once the appeal is resolved, Defendants will seek further delay in the proceedings while they petition for a writ of *certiorari*. After that, it will take time to set a trial

date and to resolve pre-trial motions. Trial will take some time, as will post-trial motions. Following resolution of those motions, Defendants will likely take another appeal, and they will file another petition for *certiorari*. Savory faces the very real prospect that, if this appeal goes forward, he will not see final resolution of his case until 2027 or 2028. At that time, it will have been 50 years since Savory was wrongly arrested.

Our justice system demands better than a half-century wait for vindication. As Savory's fight has ground on, Savory has aged from the young child he was at the time of his arrest, to a senior citizen today. Like all of us, his time is not unlimited. This Court should exercise its authority to ensure that Savory sees his day in Court.

But there are other reasons not to delay further as well. As the Seventh Circuit warned in *Apostol*, memories fade as time wears on, injuring Plaintiffs' legitimate interests. 870 F.2d at 1339-40. The less witnesses remember about the events at issue, the more difficult it becomes for Savory, who bears the burden of proof, to succeed on his claims.

Moreover, it costs a tremendous amount of money for all parties to pay lawyers to litigate appeals that would most likely end in affirmance in the average case, and which will certainly end in affirmance give the dearth of meritorious issues for appeal. *Apostol*, 870 F.2d at 1340; *see also Goshtasby v. Board of Trustees of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) ("Delay in resolving litigation is unfortunate; costs rise and the chance that the final decision will be accurate falls."). The cost is particularly pronounced given that allowing an appeal now means that there will be an appeal at the motion-to-dismiss stage of the case, an appeal at the summary-judgment stage, and an appeal after trial. These appeals burden the judicial system, they transfer money from the parties to the attorneys, and they run contrary to the federal policy of securing "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Savory deserves his day in court. He has meritorious claims that must be resolved by a jury. As

14

discussed, there are claims in the case that are not being appealed and that will be tried no matter what. When one compares the substantial prejudice that Savory will face if he had to wait many more months for trial against the extremely tenuous basis for Defendants' appeal, certifying Defendants' appeal as frivolous is the only just result. *Abel v. Miller*, 904 F.2d 394, 396 (7th Cir. 1990) ("Although it is important to protect public officials from frivolous claims and burdens of trials, it is also important to curtail the outlay and delay of litigation, so that victims of official misconduct may receive the vindication that is their due.").[3]

## CONCLUSION

For the foregoing reasons, Defendants' appeal is beyond the Seventh Circuit's appellate jurisdiction (or it presents baseless legal arguments, which have been resolved against Defendants conclusively). Defendants' appeals are frivolous, and they will prejudice Savory in all of the ways warned of by the Supreme Court and Seventh Circuit. In these circumstances, certifying the appeal as frivolous and proceeding to trial is appropriate. Therefore, Plaintiff respectfully requests that the Court certify Defendants' appeal as frivolous under the authority of *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), and set a trial date.

RESPECTFULLY SUBMITTED,

/s/ Steven Art

*Counsel for Plaintiff*

Arthur Loevy
Jon Loevy
Steven Art
Locke Bowman
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor

---

[3] As the Seventh Circuit made clear in *Apostol*, to the extent that Defendants actually think they can identify a meritorious, purely legal question relating to immunity, they would be free to identify the issue and ask the Seventh Circuit for a stay. 870 F.2d at 1340.

Chicago, Illinois 60607
(312) 243-5900
steve@loevy.com

Flint Taylor
Brad Thompson
PEOPLE'S LAW OFFICE
1180 N. Milwaukee Ave.
Chicago, Illinois 60642
(773) 235-0070

16

**CERTIFICATE OF SERVICE**

    I, Steven Art, an attorney, certify that on November 12, 2024, I filed the foregoing MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS using the Court's CM/ECF filing system, which effected service on all counsel of record.

/s/ Steven Art<br>
<em>One of Plaintiffs' Attorneys</em>

=