IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOHNNIE LEE SAVORY, | ) | |
| | ) | Case No. 23-CV-01184 |
| Plaintiff, | ) | |
| | ) | Judge Colleen R. Lawless |
| v. | ) | |
| | ) | |
| WILLIAM CANNON, as Special Representative for the Estate of CHARLES CANNON, et al., | ) ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS**

Defendants, by and through their attorneys, The Sotos Law Firm, P.C., respond to Plaintiff Johnnie Lee Savory's Motion to Certify Defendants' Appeal as Frivolous, (Dkt. 346, "Motion"), as follows.

### I. The Court's Authority Under *Apostol* to Eliminate Defendants' Entitlement to Pursue an Interlocutory Appeal Is Narrow & Extremely Limited

In *Apostol v. Gallion*, the Seventh Circuit recognized that certain defendants, faced with a denial of immunity, might frivolously file interlocutory appeals to purposely stall the litigation. 870 F.2d 1335, 1338–39 (7th Cir. 1989). To combat this behavior, the Seventh Circuit empowered district courts to certify a very limited class of appeals as frivolous and set the case for trial. *Id.* at 1339. To be sure, this authority is as limited as it gets. The court in *Apostol* admonished "district courts to act with restraint in using their power to certify the frivolity of an appeal." *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1030 (7th Cir. 1992).

This is because the whole purpose of absolute and qualified immunity requires those defenses to be resolved *before* trial whenever possible. As the Supreme Court has long held, "[q]ualified immunity is 'an *immunity from suit* rather than a mere defense to liability; and like

absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'" *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Thus, "to present…an [immunity] issue for appeal, the defendant may accept…the facts and reasonable inferences favorable to the opponent of immunity, and argue that those facts fail to show a violation of clearly established law." *Lovett v. Herbert*, 907 F.3d 986, 991 (7th Cir. 2018) (quotation marks and citations omitted). "This is so even though the defendant will be required to go to trial on other claims, for the 'right to immunity is a right to immunity from certain claims, not from litigation in general.'" *Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996)).

As a result, "[t]he Seventh Circuit [specifically] cautions that a defendant's right to appeal a[n]…immunity defense under *Forsyth* 'would be eviscerated if district courts, cloaked with the authority of *Apostol*, could too easily certify even potentially meritorious appeals as frivolous.'" *Fairley v. Andrews*, No. 03 C 5207, 2006 WL 2547216, at *4 (N.D. Ill. Sept. 1, 2006) (quoting *McMath*, 976 F.2d at 1030). Appeals must therefore only be certified as frivolous when the "claim of immunity is a sham." *Apostol*, 870 F.2d at 1339.

As demonstrated below, lest every losing party is suddenly to be deemed a frivolous contrarian, disagreement amongst parties and jurists over the state of the law at any given time does not equal baseless frivolity. And while the mere posture of this Motion puts Defendants in the awkward position of advocating that there is enough meat on the legal bone to permit Defendants to ask another court to disagree with this Court, that is nevertheless what the procedure demands. Defendants respectfully submit that their appeal is sound, narrowly targeted, and anything but a sham.

## II. Defendants Will Accept Savory's Version of Events, Securing Appellate Jurisdiction

Savory's initial—and primary—argument is that because the "Court's decision at summary judgment is teeming with findings that the factual record and inferences drawn from that record would permit a reasonable jury to conclude that Savory's rights were violated," the appeal is necessarily frivolous, since appellate jurisdiction over an interlocutory appeal cannot lie where the issues presented turn on disputed facts. (Mot. at 9.) Savory then presents four unpublished cases to support his assertion that district courts routinely deem frivolous those appeals that "assert that the district court wrongly concluded that the record presents a genuine dispute of fact for trial." (*Id.*)

To be as clear as possible, neither this argument nor this caselaw applies, as ***Defendants will not argue on appeal that the Court erred in its findings that facts were disputed***. To the contrary, as is common and routinely accepted in the Seventh Circuit, Defendants will "constru[e] all the facts in [Savory's] favor," and the Court of Appeals "can decide whether it is clearly established" that the purportedly violated constitutional rights were clearly established. *Brumitt v. Smith*, 102 F.4th 444, 448 (7th Cir. 2024). Under such circumstance, "[a]ppellate jurisdiction is secure." *Id*.

Defendants appreciate that Savory must make this argument, given that he has not yet seen the content of Defendants' appeal. However, Defendants affirmatively represent to the Court that no factual issues will be disputed on appeal, and Savory's entire version of events will be the operating factual predicate. Thus, the only question is whether Defendants' take on the legal issues underpinning the Court's immunity denials are, themselves, genuinely frivolous. As explained next, they are nothing of the sort.

### III. The Legal Issues Set to Be Appealed Are Manifestly Appropriate for Interlocutory Appeal

At summary judgment, Defendants argued their entitlement to absolute testimonial immunity exclusively vis-à-vis Savory's claim that Defendants fabricated his confession in connection with his 1977 criminal trial. (Dkt. 315, Defs.' Supp. Arg. in Support of Summary Judgment.) Defendants also advanced a host of qualified immunity defenses, but for appellate purposes, and in deference to the limitations on appellate jurisdiction under *Apostol*, Defendants are only appealing the Court's ruling as concerns Savory's coerced confession and unlawful detention claims. Thus, three claims are set for interlocutory appeal: (a) Fourteenth Amendment fabricated confession (absolute immunity); (b) Fifth Amendment coerced confession (qualified immunity); and (c) Fourth Amendment unlawful detention (qualified immunity). Defendants address each claim, in turn.

### a. The Seventh Circuit is actively interested in determining whether absolute immunity precludes fabricated confession claims just like Savory's.

Savory's only argument concerning the frivolity of an appeal of the Court's order denying absolute immunity on the fabricated confession claim is that, "as the Court recognized [in its summary judgment opinion], the Seventh Circuit expressly rejected Defendants' absolute immunity argument in *Avery v. Milwaukee*, 847 F.3d 433, 441–42 (7th Cir. 2017)." (Mot. at 10.) But this is incorrect. This Court did not find that *Avery* expressly rejected Defendants' absolute immunity argument. Rather, the Court found that because *other* due process claims survive summary judgment, those claims "could undermine the fairness of his trial," such that a jury could "find Savory's due process rights were violated when his testimony was introduced during his 1977 trial." (Dkt. 340, Op. at 31.) Presumably by this statement, the Court means the

introduction of Savory's inculpatory statements via certain Defendants' testimony during the 1977 trial is part and parcel to a broader Fourteenth Amendment due process theory of liability.

In essence, then, the Court is articulating a broad theory of due process liability, whereby officers who would otherwise be absolutely immune for their trial testimony are nevertheless deprived of their immunity as concerns that specific evidence because still other fabricated evidence was allegedly introduced at trial. For this broad proposition, the Court cited *Goudy v. Cummings*, 922 F.3d 834 (7th Cir. 2019), but that case had nothing to do with absolute immunity. (Dkt. 340, Op. at 31.)

Defendants have not identified any binding authority that sanctions so expansive an interpretation of due process liability, particularly insofar as it precludes governmental officials from accessing their entitlement to absolute immunity. To be sure, the Seventh Circuit could conceivably agree with this Court's interpretation, but to do so would require it to significantly expand upon its comments in *Goudy*. On the other hand, the Court of Appeals may well disagree and find that a fabricated evidence claim cannot root in the introduction of an allegedly fabricated confession via witness testimony, since that testimony is shielded by absolute immunity. Indeed, it is entirely possible that the issue will be resolved by the time this case reaches oral argument. The question of whether absolute immunity applies to bar a fabricated evidence claim grounded in defendant officers' testimony has been appealed in *Zambrano v. City of Joliet*, No. 21-cv-4496, 2024 WL 532175, at *10 (N.D. Ill. Feb. 9, 2024), where a different district court disagreed with this Court and found that absolute immunity necessarily applies based on *Jones v. York*, 34 F.4th 550 (7th Cir. 2022).

The point is, this is a hot button legal issue subject to reasoned debate. While Savory is entitled to argue that this appeal is frivolous, Defendants respectfully submit that his contention

5

is not overly serious as concerns the fabricated confession claim. Accepting Savory's facts as true, this is precisely the sort of pure legal question that arises squarely as a matter of law, and it is far from settled—particularly in light of *Jones*. In effect, the presence of this absolute immunity issue all but renders Savory's Motion baseless, and it necessarily precludes this Court from exercising its tightly delineated authority to certify Defendants' appeal as frivolous.

> **b. The Seventh Circuit is entitled to determine whether the interrogation tactics allegedly deployed by Defendants are shielded by qualified immunity in the coerced confession context.**

In its summary judgment Opinion, the Court held that the parties' "agreed facts alone" amounted to tactics that were clearly established to violate the Fifth Amendment in 1977. (Dkt. 340, Op. at 14.) This, then, is as down the middle as an interlocutory appeal of qualified immunity gets. On appeal, Defendants will accept not only the facts as agreed-to by the parties, but also the "the disputed material facts surrounding the coercive nature of the confession." (*Id*.) Then it will be up to the Seventh Circuit to decide whether those tactics violated clearly established authority as of 1977.

Defendants believe that Savory and the Court alike employed too broad a brush in their analysis of whether it was clearly established that the tactics at issue violated Savory's rights. After all, "generalized" authority "cannot be the basis for defeating a qualified immunity defense, unless there is closely analogous precedent that is 'particularized' to the facts of the instant case." *Gill v. City of Milwaukee*, 850 F.3d 335, 340–41 (7th Cir. 2017). The cases relied upon by Savory and the Court to deprive Defendants of qualified immunity in the Fifth Amendment context are, in Defendants' opinion, simply too generalized under *Gill*.

As above, the Seventh Circuit might disagree with Defendants and agree with the Court and Savory. If that is the case, then so be it. But the Court here did not even mention *Gill* in the

portion of its ruling on the coerced confession claim. (*See generally* Dkt. 340, Op. at 12–16.) And because it arises in the qualified immunity context, Defendants are certainly entitled to ask the Seventh Circuit whether that declination to address what they believe is governing, binding authority is subject to reversal.

        **c. The unlawful detention claim is a remarkably straightforward candidate for appeal based on a denial of qualified immunity.**

Finally, there is the malicious prosecution claim, which is perhaps an even more straightforward an appellate issue than the coerced confession claim. To find that probable cause did not lie on the merits, the Court relied on a few different cases for the notion that geographic proximity does not rise to a reasonable belief that Savory committed the murders. (*Id.* at 18 (citing *United States v. Bohman*, 683 F.3d 861 (7th Cir. 2012); *United States v. Ingrao*, 897 F.2d 860 (7th 1990)).) But neither of these cases stems from 1977 or earlier, the only timeframe that matters for qualified immunity purposes. The Court also held that "simply because a witness saw Robinson carrying a black nightstick while he was with Savory does not indicate that the black nightstick was Savory's or that he had possession of it at any point on the day of the murders." (Dkt. 340, Op. at 18.) But the Court cited no authority at all for this proposition, a prerequisite for any qualified immunity ruling, which turns exclusively on whether there was clearly established caselaw at the time of the misconduct. (*See id.*) Indeed, the Court did not cite a single case in its entire discussion of unlawful detention that predates 1977.

Thus, Defendants have been deprived of qualified immunity without having been alerted to even one case from the timeframe in question that would have put a reasonable officer on notice that there was no arguable probable cause. The appeal is thus incredibly straightforward: Defendants will argue that government officials cannot be deprived of their entitlement to qualified immunity without caselaw predating the alleged conduct that is particularly analogized

to the facts. Once again, the Seventh Circuit might disagree and hold that the conduct at issue suffices under the prevailing jurisprudential standards of the 1970s. But because no such standards were articulated in the Opinion, there is no basis to certify Defendants' appeal as frivolous on the unlawful detention claim.

### IV. Certifying this Appeal as Frivolous Does Not Guarantee a Speedier Track to Trial & Potentially Prolongs Any Eventual Trial Date

Initially, Defendants note that any suggestion that they have delayed—or seek to delay—these proceedings wholly belies the record. First, after Savory was granted a general pardon on January 12, 2015, (Dkt. 1, Compl. ¶ 8), he did not file this lawsuit until the very last day before the two-year statute of limitations expired. (*Id.* (Complaint stamped with file date of January 11, 2017).) Defendants then timely filed a motion to dismiss, which was granted. (Dkt. 51, Mot. to Dismiss; Dkt. 95, Memo. Op. & Order.) It was Savory who appealed, leading to protracted proceedings including *en banc* review before the case was ultimately reinstated in February 2020. (Dkt. 110, App. Op.) On remand, Savory never once suggested that Defendants delayed the progress of the case, either during discovery or summary judgment. This is Defendants' first and only interlocutory appeal in this case, and there is no basis to attribute their exercise of their right to interlocutory review of the denial of certain immunity claims to delay.

Moreover, Defendants note that, given the very limited nature of this Court's authority to deny the right to interlocutory review, it is Plaintiff's Motion itself that creates the risk of unnecessary delay. Indeed, even if the Court were to deem Defendants' appeal frivolous, Defendants will then be entitled "to file a stay motion in the Seventh Circuit," with attendant briefing. *Faulkner v. Loftus*, No. 16 C 2432, 2017 WL 11885394, at *1 (N.D. Ill. June 21, 2017) (citing *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006)). Specifically, Defendants "can obtain [the Seventh Circuit's] immediate review of the district

8

judge's determination of frivolousness by asking [the Court of Appeals] to stay the trial." *Chan v. Wodnicki*, 67 F.3d 137, 139 (7th Cir. 1995). At that point, the divestiture of jurisdiction that triggered when Defendants filed their notice of appeal "will *automatically* continue until the Seventh Circuit decides the stay motion, to give the Seventh Circuit as much time as needed to decide the stay motion." *Faulkner*, 2017 WL 11885394, at *1. Then, if the Seventh Circuit grants the stay, it would order briefing on the substantive appeal, which absent the delay attributable to Savory's frivolity Motion, could begin promptly. In other words, where a denial of Savory's Motion will simply put the appeal on its normal schedule, a granting of the Motion mandates an *extra* appellate step that potentiates still further delays before trial.

Thus, while Defendants appreciate Savory's entitlement to bring this Motion, there is—quite literally—no outcome that does not result in Seventh Circuit adjudication of something, and Savory's decision to file this Motion may be the event that creates the longest of possible delays. All of which to say, apart from the baselessness of the Motion itself, the perversity of the Motion's consequences doubly recommend its denial, such that the case can get to trial with as much expedience as the system allows.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Court deny Savory's Motion.

Dated: December 10, 2024                                          Respectfully submitted,

James G. Sotos                                                    /s/ Thomas J. Sotos
Thomas J. Sotos                                                   THOMAS J. SOTOS, Atty No. 6327630
John J. Timbo                                                     *One of the Attorneys for Defendants*
Kyle T. Christie
Mark F. Smolens
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
tsotos@jsotoslaw.com

9

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C.A. § 1746, and that I electronically filed a complete copy of the foregoing **Defendants' Response to Plaintiff's Motion to Certify Defendants' Appeal as Frivolous** with the Clerk of the Court on December 10, 2024, using the CM/ECF system, which will send notification of such filing to the attached service list.

***Attorneys for Plaintiff:***
Jonathan I. Loevy
Arthur R. Loevy
Steven E. Art
Megan Pierce
Julia Rickert
Locke E. Bowman , III
Loevy & Loevy
311 N. Aberdeen
3rd FL
Chicago, IL 60607
(312)243-5900
jon@loevy.com
loevylaw@loevy.com
steve@loevy.com
megan@loevy.com
julia@loevy.com
locke@loevy.com

G. Flint Taylor , Jr.
Brad Thomsen
People's Law Offices
1180 North Milwaukee Avenue
Chicago, IL 60622
(773) 235-0070
flint.taylor10@gmail.com
brad@peopleslawoffice.com

/s/ Thomas J. Sotos
THOMAS J. SOTOS, Attorney No. 6327630
*One of the Attorneys for Defendants*

10